Donald J. VILLA, Plaintiff,

v.

Gayle M. FRANZEN et al., Defendants.

No. 79 C 3867.

United States District Court,
N. D. Illinois, E. D.

Feb. 27, 1981.

**232**

Anthony Scariano, Chicago Heights, Ill., Shelley B. Gardner, William D. Maddux & Associates, Chicago, Ill., for plaintiff.

Victor Yipp, Theresa McGrew, Timothy Touhy, Attorney Gen. Office, Chicago, Ill., for Franzen and Reed.

William Kurnik, Judge, Drew, Cipolla & Kurnik, Ltd., Park Ridge, Ill., for Village of Tinley Park, Ill.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for Hardeman and Elrod.

Calvin Sawyier and Richard Brennan, Chicago, Ill., for Comprehensive County Hospitals, Health and Allied Medical Programs Governing Commission of Cook County.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On September 18, 1979 Donald J. Villa ("Villa") filed this action under 42 U.S.C. § 1983 ("Section 1983") against Director of the Illinois Department of Corrections Gayle M. Franzen ("Franzen"), Warden of the Stateville Correctional Center Marvin Reed ("Reed"), Comprehensive County Hospitals, Health and Allied Medical Programs Governing Commission of Cook County ("Commission"), the Village of Tinley Park ("Tinley Park") and other defendants,[1] alleging that the various defendants have engaged in numerous violations of Villa's Eighth and Fourteenth Amendment rights. Three fully-briefed motions are pending:

---

**1.** Executive Director of the Cook County Department of Corrections Phillip Hardeman and Sheriff of Cook County Richard J. Elrod were the other defendants in the original Complaint. Villa's Amended Complaint added Drs. Courtney Jones and Donald Posner as defendants.

Franzen's and Reed's motion to dismiss, Commission's motion to dismiss and Tinley Park's motion for summary judgment.[2]

For the reasons stated in this memorandum opinion and order:

1. Franzen's and Reed's motion to dismiss is denied.

2. Commission's motion to dismiss is denied.

3. Tinley Park's motion for summary judgment is granted.

### Facts [3]

Villa, an inmate at Stateville Correctional Center ("Stateville"), is now serving concurrent sentences of 30 to 90 years for attempted murder, armed robbery and aggravated kidnapping. Villa's convictions stem from an attempted robbery on July 12, 1977 during which he was shot and seriously wounded by a policeman just before his arrest.

As a result of that shooting Villa is a quadriplegic, having lost partial use of his arms and total use of his legs. For the period between the shooting and his June 4, 1979 sentencing Villa was placed in Cook County and Cermak Memorial Hospitals (the "hospitals"), both of which were operated by the Commission. Upon sentencing he was transferred to Stateville, where he is confined in that institution's medical facility.

Villa claims that the medical treatment he received at the hospitals and at Stateville has been so inadequate as to constitute cruel and unusual punishment in violation of the Eighth Amendment. Additionally he alleges that agents of Tinley Park beat him viciously on July 12, 1977 (apparently following his arrest).

### Franzen's and Reed's Motion To Dismiss

In Complaint Count I Villa details the alleged inadequacies of his medical treat-ment at Stateville: the medical facility is unclean, Villa's diet is deficient and the particular needs caused by his physical condition are largely ignored. Villa seeks monetary relief and an injunction directing Franzen and Reed to transfer him to an adequate medical facility.

Franzen and Reed move to dismiss on three grounds:

1. Villa has failed to demonstrate that their conduct as prison supervisors amounts to "deliberate indifference to his serious medical needs," essential to obtain monetary relief against prison officials under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

2. Franzen and Reed are entitled to a qualified immunity shielding them from damage liability under Section 1983, because Villa has failed to demonstrate that their allegedly injurious actions were "intentional." *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

3. Section 1983 action is inappropriate because Villa seeks release from the custody of the Department of Corrections, relief obtainable only by federal habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

As for the first two grounds, Complaint Paragraphs 14 and 15 state (emphasis added):

14. Plaintiff, his family, and his attorneys have all requested and demanded that Plaintiff be transferred from the Stateville Correctional Center to a medical facility which is able to provide the specialized medical care, treatment, and therapy that Plaintiff needs.

15. Defendants, Gayle M. Franzen, Director of Illinois Department of Corrections, and Marvin Reed, Warden of Stateville Correctional Center, have *deliberate-*

---

2. Villa has moved for voluntary dismissal of the Commission and Tinley Park without prejudice. In turn those defendants request a ruling on their motions, asserting that they are entitled to dismissal *with* prejudice.

3. These "facts" and the other Complaint references throughout this opinion are based on the allegations in the original Complaint (Commission and Tinley Park having been dropped as defendants in the Amended Complaint). This Court of course makes no findings as to the truth of the allegations.

*ly and intentionally* refused to transfer Plaintiff, DONALD J. VILLA, to a medical facility where he will receive the proper specialized medical care and treatment necessary to his life, health and well-being.

Those allegations plainly satisfy the requirements of *Estelle* and *Procunier*. Villa charges that because of his physical condition the conditions at Stateville were unconstitutionally cruel, that Franzen and Reed were apprised of that situation and that they "deliberately and intentionally" refused to rectify the unconstitutional treatment. If proved, those allegations could entitle Villa to relief from Franzen and Reed. That possibility is enough to defeat a motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ Franzen's and Reed's third argument rests on a mischaracterization of Villa's prayer for injunctive relief.[4] They state that Villa seeks a transfer to "Silver Cross Hospital, a private institution in Joliet, or some other medical facility other than those operated by the Illinois Department of Corrections." In fact Villa asks for transfer to Silver Cross Hospital "or some other facility that this Court determines to be a proper one." That request does not necessarily involve release from the state's *custody*, but rather placement in any constitutionally sufficient facility. In short Villa's Complaint addresses the conditions rather than the propriety of his custody.

Accordingly *Preiser* actually undermines the Franzen-Reed contention. In distinguishing prior cases holding prisoner actions properly brought under Section 1983, the Court said (411 U.S. at 498–99, 93 S.Ct. at 1841):

> [I]n all those cases, the prisoners' claims related solely to the States' alleged unconstitutional treatment of them while in confinement. None sought, as did the respondents here, to challenge the very fact or duration of the confinement itself. Those cases, therefore, merely establish that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.[5]

Villa's Complaint may be fairly read in those terms and is thereby properly maintainable as a Section 1983 action.

### Commission's Motion To Dismiss[6]

Complaint Count II alleges that while in the hospitals' custody Villa was mistreated in a manner constituting cruel and unusual punishment under the Eighth Amendment. Villa seeks monetary relief under Section 1983. Commission challenges the legal sufficiency of that claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978):

> [A] local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when the execution of a government's policy or custom,

4. Even were that not the case, dismissal would be inappropriate. It is true that to obtain habeas relief the petitioner must first exhaust available state remedies (*Preiser*, 411 U.S. at 477, 93 S.Ct. at 1829), while there is no such requirement for a Section 1983 action. This Court presumes that distinction accounts for Franzen's and Reed's third contention. But this action could itself be considered equivalent to a habeas petition against Franzen and Reed. And because they have not asserted that available state remedies remain unexhausted, there is no current basis for dismissal.

5. *Preiser* also stated, "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement .... Accordingly ... a damages action by a

state prisoner could be brought under [Section 1983]...." 411 U.S. at 494, 93 S.Ct. at 1838. Even if Franzen and Reed were correct in their assertion as to injunctive relief, they would therefore not be entitled to dismiss Villa's damage claims on the same ground.

6. At all relevant times the hospitals were under the control and supervision of Commission, a statutory agency of Cook County. As of November 30, 1979 Commission ceased to exist and Cook County assumed all its liabilities. All parties have agreed that during its existence Commission was a municipal governmental entity, so that principles relating to suits against municipalities apply to it.

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

This Court has recently discussed the ease with which complaints may be drafted to withstand dismissal on *Monell* grounds. Its opinion in *Thompson v. Village of Evergreen Park, Illinois,* 503 F.Supp. 251 (D.C. Ill.1980) concluded that in light of the mandate of Fed.R.Civ.P. ("Rule") 8(a), a plaintiff need only "prepare allegations that track the *Monell* requirement of a governmental 'policy' or 'custom' (436 U.S. at 691 [98 S.Ct. at 2036]) and thus step over the very low threshold of *Conley.*"[7] Shortly before that our Court of Appeals also held that at the *pleading* stage of litigation the *Monell* requirement is met as long as the complaint indicates that "it is possible that existence of a policy, custom or practice might be established." *Murray v. City of Chicago,* 634 F.2d 365 (7 Cir. 1980).

■ Here Complaint Paragraph 25 alleges that the "acts of [Commission's agents in the hospitals] ... alleged herein were done by [them] ... under the color and pretense of the statutes, regulations, *customs,* and *usages* of the State of Illinois and its municipal subdivisions ..." (emphasis added). Though cursory indeed, the allegation of custom is sufficient to support the requisite "possibility" that such custom will be proved. And such proof would satisfy *Monell.*[8]

■ Finally, this Court does not accept Commission's contention that a "passive" custom[9]—mere acquiescence in illegal actions on the part of its employees—cannot serve to establish municipal liability under

*Monell.* Villa alleges that Commission was fully aware of the illegal mistreatment administered by its employees. Such knowledge of, and continued acquiescence in, illegal actions by a municipality's employees ("deliberate indifference") may be sufficient policy or custom to give rise to the municipality's liability under Section 1983. *See, e. g., Owens v. Haas,* 601 F.2d 1242, 1246–47 (2d Cir. 1979).

### Tinley Park's Motion for Summary Judgment

Tinley Park's motion for summary judgment raises *Monell* issues similar to those just discussed. Villa claims that he was illegally beaten by Tinley Park police officers on July 12, 1977 and that those actions were taken "in accordance with the policy, procedure, and customs ... of Tinley Park." Tinley Park argues that those allegations fail to satisfy the *Monell* requirement for municipal liability under Section 1983.

■ Had Tinley Park filed a motion to dismiss, it would have had to be denied because the Complaint's bare allegations satisfy the *Monell* standard. But Tinley Park instead moved for summary judgment, submitting the affidavits of its six Board of Trustees members specifically negating any policy or custom of police brutality in Tinley Park. Villa has submitted nothing in response.

Fed.R.Civ.P. 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response ... must set

---

7. *Thompson* also pointed out the risks of so doing in a wholly groundless action. But the risks are those inherent in any abuse of the judicial process—not the risk of losing a Rule 12(b)(6) motion.

8. Unlike Tinley Park, discussed in the next section of this opinion, Commission opted for a facial attack on the Complaint rather than negating "custom" on a factual basis, as it presumably could have done. Given the exceedingly low threshold of Rule 8(a), together with *Con-*

ley's age and established place in the legal firmament, it is frankly astonishing that highly competent counsel persist in Rule 12(b)(6) motions of the nature involved here.

9. For purposes of this discussion this Court will engage in Commission's reading of the complaint—that Commission's only involvement in the alleged illegal treatment of Villa was its exercise or non-exercise of authority over its agents and employees.

forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Accordingly Villa's mere allegations of policy or custom must give way to Tinley Park's uncontroverted affidavits. Tinley Park's motion for summary judgment is granted.

### Conclusion

1. Franzen's and Reed's motion to dismiss is denied. Franzen and Reed are ordered to answer the Amended Complaint on or before March 16, 1981.

2. Commission's motion to dismiss is denied. Under Villa's December 17, 1980 motion, Commission is dismissed without prejudice.

3. Tinley Park's motion for summary judgment is granted. Villa's motion for voluntary dismissal of Tinley Park without prejudice is therefore denied.