Arthur J. BRUETTE and Ronald Wayka, Plaintiffs,

v.

James KNOPE, individually and in his capacity as Shawano County Sheriff; George Johnson, individually and in his capacity as a Shawano County Deputy Sheriff; James Tourtillott, individually and in his capacity as Menominee County Sheriff; Clyde Delabrue, individually and in his capacity as a Menominee County Deputy Sheriff; Lloyd Heinz, individually and in his capacity as Shawano County Chief Deputy Sheriff; Larry A. Roth, individually and in his capacity as a Shawano County Deputy Sheriff; the Menominee County Sheriff's Department, Menominee County, the Shawano County Sheriff's Department, Shawano County, and several unknown law enforcement officers of the Shawano County Sheriff's Department, the Menominee County, Sheriff's Department and the Menominee Indian Reservation Tribal Police Department, individually and in their official capacities, Defendants.

Civ. A. No. 81–C–1271.

United States District Court, E.D. Wisconsin.

Jan. 7, 1983.

302

Thomas L. Shriner, Milwaukee, Wis., for plaintiffs.

Rita Keshena, Keshena, Wis., for defendants Fish, Herrera, Snow, Waukau, Frechette, Weso and Davidson.

William W. Ehrke, Milwaukee, Wis., for defendants Knope, Johnson, Heinz, Roth, Shawano County Sheriff's Dept. and Shawano County.

John M. Moore, Madison, Wis., and Gary Bruno, Asst. Dist. Atty., Shawano, Wis., for defendants Tourtillott, Delabrue, Menominee County and Menominee County Sheriff's Dept.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this action, the plaintiffs, members of the Menominee Indian Tribe, have brought suit against seventeen county and tribal officials, individually and in their official capacities, alleging ten causes of action arising from a car chase, crash, and subsequent arrest. Each of the seventeen defendants has moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On motions to dismiss for failure to state a claim, the well-pleaded material allegations of the amended complaint are taken as admitted and comprise the facts on which the motions are to be decided.

On September 3, 1981, Marvin Wayka, not a party to this action, locked the plaintiffs in the camper section of a pickup truck without the plaintiffs knowing of it and proceeded to drive the truck away with the plaintiffs held captive therein. The truck proceeded to state highway 47–55 and became involved in a high-speed chase through Shawano County, the Menominee Indian Reservation, and Menominee County, with law enforcement officers from the two counties and the Menominee Tribe in pursuit. During the chase, some of the defendants fired shots into the truck's camper section where the plaintiffs were known to be. The driver, however, refused to stop.

The chase finally ended when the truck struck a Shawano County squad car and a Stockbridge-Munsee Indian Reservation police squad car at the corner of County Highways G and VV, northeast of Gresham. When the vehicle had stopped, some of the defendants broke open the padlocked door to the camper, threw the plaintiffs to the ground, and beat them. Other defendants who had been involved in the chase observed the beatings, but failed to intervene

to assist the plaintiffs. The plaintiffs were handcuffed, arrested, and placed in the Shawano County Jail. They were later released with no charges being filed against them.

In the instant action, the plaintiffs seek damages for the acts of September 3, 1981, and injunctive relief against an alleged pattern of unlawful conduct which threatens future violations of the plaintiffs' civil rights. The case is brought pursuant to the Fourth, Fifth, Ninth, and Fourteenth Amendments as well as three federal statutes: 42 U.S.C. Secs. 1983, 1985, and 25 U.S.C. Sec. 1302. The plaintiffs allege federal jurisdiction under 28 U.S.C. Secs. 1331, 1343.

The defendants are in three groups, with each group having filed a motion to dismiss. The defendants belonging to the Menominee Indian Tribe include: Kenneth Fish, tribal police chief; Richard Herrera, Douglas Snow, and Mark Waukau, tribal policemen; Barbara Frechette, Chairman of the Menominee Tribal Law and Order Committee; and Gerald Weso and Glenn Davidson, present and past tribal prosecutors, respectively. Second, the plaintiffs have sued the Shawano County Sheriff's Department; Shawano County; James Knope, Sheriff of Shawano County; Lloyd Heinz, Chief Deputy Sheriff of Shawano County; and Larry A. Roth and George Johnson, Shawano County Deputy Sheriffs. Finally, in addition to the tribal and Shawano County officials, the plaintiffs have sued the following Menominee County officials and entities: Menominee County; the Menominee County Sheriff's Department; James Tourtillott, Sheriff of Menominee County; and Clyde Delabrue, Menominee County Deputy Sheriff. Defendant Daniel R. Mauel, a City of Shawano policeman, was named originally but subsequently dismissed by stipulation on July 22, 1982.

## I. DEFENDANTS SNOW, HERRERA, JOHNSON, AND DELABRUE

The plaintiffs allege in counts one and two that defendants Snow, Herrera, John-

son, and Delabrue broke open the camper door and proceeded to beat, choke, and kick the plaintiffs in an excessive use of force which infringed their civil rights. Count three apparently asserts that all of the defendants, collectively, arrested the plaintiffs without probable cause, in violation of their civil rights. Defendant Johnson has been sued individually and in his dual capacities as a Shawano County Deputy Sheriff and Menominee Tribal Policeman. Defendant Delabrue has been sued individually and as Menominee County Deputy Sheriff. Insofar as they have not moved to dismiss the complaint as it relates to them (namely, counts two and three dealing with the beating and arrest of the plaintiffs), Johnson and Delabrue shall remain in the case.

Defendants Snow and Herrera, however, have moved to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for failure to raise a substantial federal question. Snow and Herrera have been sued both as individuals and as tribal officers. Because it is clear that the plaintiffs are entitled to no relief under any state of facts which they could prove, their amended complaint must be dismissed as to defendants Snow and Herrera for failure to state a claim upon which relief can be granted.

■ The constitutional claims asserted by the plaintiffs under the Fourth, Fifth, Ninth, and Fourteenth Amendments state a claim against Snow and Herrera neither as individuals nor as tribal officials. Framed as limitations upon federal or state authority, those amendments do not constrain Indian tribes, which are regarded as separate sovereigns pre-existing the Constitution. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106 (1978).

■ Similarly, the amended complaint herein fails to state a claim under any of the three federal statutes alleged. The common law immunity from suit enjoyed by Indian tribes extends to Snow and Herrera as tribal policemen and effectively shields them in their official capacities from actions, either for injunctive or for monetary relief, brought pursuant to 42 U.S.C. Secs. 1983, 1985 and 25 U.S.C. Sec. 1302.* See *Santa Clara Pueblo v. Martinez,* 436 U.S. at 59–72, 98 S.Ct. at 1677–1684; *Means v. Wilson,* 522 F.2d 833, 838 (8th Cir.1975); *Wilson v. Turtle Mountain Band of Chippewa Indians,* 459 F.Supp. 366, 367–69 (D.N.D. 1978).

■ Moreover, 25 U.S.C. Sec. 1302, the Indian Civil Rights Act, provides rights only against the tribe and governmental subdivisions thereof and not against tribe members acting in their individual capacities. *Means v. Wilson,* 522 F.2d at 841. Snow and Herrera thus may not be sued as individuals under that statute. Nor does the amended complaint state a claim under 42 U.S.C. Sec. 1983. The acts of Snow and Herrera on September 3, 1981, although performed with the assistance of deputy sheriffs of Shawano and Menominee Counties, are not imbued with the requisite state action. There are no allegations that the county authorities requested the tribal assistance, that such assistance had ever occurred before, or that the tribe and the state have a long-standing agreement to offer assistance through customary procedures. Indeed, there is no claim that Snow and Herrera were delegated police powers by the state rather than by the tribe, or that they were attempting to enforce state rather than tribal law. The action against them as individuals under 42 U.S.C. Sec. 1983 does not state a claim.

■ Finally, the complaint must be dismissed as to Snow and Herrera because it fails to state a cause of action against them as individuals under 42 U.S.C. Sec. 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 1797, 29 L.Ed.2d 338 (1971), held that, to state a claim under Sec. 1985(3), a complaint must allege, *inter alia,* "some ra-

---

* Because defendant George Johnson has been sued in his capacity as a tribal policeman, this holding shall apply equally to him. The suit against him as a tribal official therefore is dismissed.

cial, or, perhaps otherwise class-based invidiously discriminatory animus" behind the purported conspiracy. In this case, the plaintiffs can make no meritorious claim to any class-based discrimination. Both defendants Snow and Herrera as well as the plaintiffs belong to the Menominee Tribe, and the plaintiffs can allege no other class membership which could have been the subject of invidious discrimination. See *Shortbull v. Looking Elk*, 677 F.2d 645, 648–50 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 211, 74 L.Ed.2d 168 (1982). The motion of defendants Snow and Herrera to dismiss is granted.

## II. DEFENDANTS HEINZ, ROTH, AND WAUKAU

 In count four of the complaint, the plaintiffs allege that their civil rights were violated when defendants Heinz, Roth, and Waukau failed to intervene to stop the unlawful beatings and arrest of the plaintiffs contrary to their duty to enforce the law. Because defendant Waukau was acting as a tribal policeman on September 3, 1981, just as Snow and Herrera were, the suit against him as an individual and as a tribal officer is hereby dismissed pursuant to Rule 12(b)(6) for precisely the reasons articulated above in dismissing the claims against Snow and Herrera.

Defendants Roth and Heinz are Deputy Sheriffs of Shawano County. They have moved to dismiss the amended complaint on the grounds that the allegations against them fail to state claims upon which relief can be granted against them. They contend that their alleged failure to intervene in the beatings is based on mere negligence, which is insufficient to state a Sec. 1983 claim. I disagree. "While intentional torts ordinarily require some affirmative conduct, purposeful nonfeasance can also serve as the basis of liability for an intentional tort if the defendant owes the plaintiff a duty to act." *Bonner v. Coughlin*, 545 F.2d 565, 568–69 (7th Cir.1976). A policeman may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence. *Byrd v. Brishke*, 466 F.2d 6 (7th Cir.1972). See *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981). The motion of defendants Roth and Heinz is denied.

## III. DEFENDANTS FISH, KNOPE, AND TOURTILLOTT

Count five of the amended complaint alleges that Kenneth Fish, the Menominee Tribal Police Chief, James Knope, the Shawano County Sheriff, and James Tourtillott, the Menominee County Sheriff, each "failed to provide adequate training" to the defendant policemen under their command who took part in the incidents of September 3, 1981. This inadequate training is alleged to be the proximate cause of the plaintiffs' injuries.

In count six the plaintiffs allege that there exists "a history of police brutality" within the Shawano County Sheriff's Department, the Menominee Indian Reservation Tribal Police Department, and the Menominee County Sheriff's Department. Paragraph 44 of the amended complaint states in full:

44. There exists a history of police brutality within the Shawano County Sheriff's Department, the Menominee Indian Reservation Tribal Police Department and the Menominee County Sheriff's Department. Defendants Knope, Fish and Tourtillott have either been or should have been aware of this history and of the tendencies of certain officers under their commands, including some of the above-named defendant officers, to *inter alia,* use excessive and unreasonable force towards citizens. Defendants Knope, Fish and Tourtillott approved, condoned and maintained the custom, practice and policy of their respective departments in using excessive and unreasonable force toward citizens. This custom, practice and policy of the Shawano County Sheriff's Department, the Menominee Indian Reservation Tribal Police Department and the Menominee County Sheriff's Department was a proximate cause of the injuries and deprivation of rights which plaintiffs suffered.

Finally, defendants Knope and Fish are alleged in count eight to have hired defendant George Johnson to their departments knowing of his alleged "history of using excessive and unreasonable force." Such conduct by Knope and Fish, it is asserted, constituted "grossly negligent acts which proximately resulted in plaintiffs' beatings and arrests."

As an initial matter, it must be observed that Kenneth Fish is another of the tribal defendants, sued both individually and as a tribal officer. Again, the principles of tribal immunity which, as described above, operate to shield the tribal police officers from suit will likewise defeat the action as against the tribal police chief. For all of the reasons set forth above, defendant Fish's motion to dismiss is granted.

Counsel for Sheriffs Knope and Tourtillott urge that counts five, six, and eight also fail to state a claim against their clients. Their arguments are: (1) that the alleged failure to provide adequate training is based on simple negligence and thus not cognizable under Sec. 1983; (2) that the existence of a custom, practice, and policy within the three police departments was not alleged with sufficient specificity to withstand a 12(b)(6) motion to dismiss; and (3) that the plaintiffs' "conclusory" allegations of the defendants' "gross negligence" and of George Johnson's "history of using excessive force" fail to state a claim upon which relief can be granted.

In the judgment of this Court, the allegations in count five relating to the inadequate training by supervisory police officials is insufficient to state a claim against defendants Knope and Tourtillott. Judge Gibson described in *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982) the showing required in a case of this nature:

> The result of [*Rizzo v. Goode*, 423 U.S. 362 [96 S.Ct. 598, 46 L.Ed.2d 561] (1976) ] and subsequent cases in the lower federal courts applying the standards it announced is that a failure of a supervisory official to supervise, control, or train the offending individual officers is not ac-

tionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *See, e.g., Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978).

> Where, as here, the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force, or training that is so reckless or grossly negligent that future police misconduct is almost inevitable, *e.g., Leite v. City of Providence*, 463 F.Supp. at 590, or would properly be characterized as substantially certain to result, *Rheuark v. Shaw*, 477 F.Supp. 897 (N.D.Texas 1979).

The bare allegations in count five are plainly insufficient to withstand a motion to dismiss. They cannot even be fairly construed to include averments of gross misconduct, recklessness, or affirmative encouragement. *Cf. Means v. City of Chicago*, 535 F.Supp. 455, 462 (N.D.Ill.1982); *Starstead v. City of Superior*, 533 F.Supp. 1365, 1371–72 (W.D.Wis.1982).

Whether the plaintiffs have sufficiently alleged the existence of a custom, practice, or policy as a basis for municipal liability and liability of the defendant sheriffs is a more difficult question. The Seventh Circuit has recognized a low threshold pleading requirement in civil rights actions based on the existence of a municipal policy. *Murray v. City of Chicago*, 634 F.2d 365, 367 (7th Cir.1980). See *Rivera v. Farrell*, 538 F.Supp. 291, 293–94 (N.D.Ill.1982); *Starstead*, 533 F.Supp. at 1372. Consistent with this low threshold, a complainant is not required to plead the specific details of the similar incidents of misconduct that he contends indicate the existence of a municipal policy, practice, or custom. *Spriggs v. City of Chicago*, 523 F.Supp. 138, 144 (N.D. Ill.1981). Nevertheless, the complaint must

go beyond conclusory allegations of some unspecified "policy" and must allege more than a single incident of wrongful conduct. See *Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981). The complainant's allegations must contemplate proof of a pattern of similar incidents of wrongdoing that might evidence a bona fide policy. See *Means,* 535 F.Supp. at 459–60. The appropriate test was set forth by Judge Aspen in *Rivera v. Farrell:*

> A complaint is sufficient if it alleges a specific incident of wrongdoing resulting in the deprivation of plaintiff's constitutionally protected interest, the existence of similar such incidents involving either the plaintiff or other similarly situated persons, and a governmental policy or custom pursuant to which such wrongs were perpetuated by governmental employees. *Hamrick v. Lewis,* 515 F.Supp. 983, 986 n. 4 (N.D.Ill.1981). A complaint framed in this manner gives the parties an appropriate basis for initiating discovery directed toward proving or disproving the ultimate question of liability under section 1983.

538 F.Supp. at 294 n. 8.

■ Judged by this standard, count six of the amended complaint withstands the motion to dismiss of defendants Knope and Tourtillott. A specific incident is alleged to have occurred on September 3, 1981. The alleged "history of police brutality" and "tendencies of certain officers ... [to employ] excessive and unreasonable force towards citizens" can be construed to envisage proof of similar unlawful incidents. Moreover, a specific custom, practice, and policy of using excessive and unreasonable force also has been sufficiently pleaded.

■ Finally, defendant Knope attacks count eight as involving mere conclusory language relating to his purported "gross negligence" and to policeman Johnson's "history of using excessive force." I hold that count eight is sufficient to state a claim against Sheriff Knope. The charge that defendant Knope hired Mr. Johnson with knowledge of Johnson's tendency to use excessive force in performing his official duties is analogous to the allegation in count five that Sheriffs Knope and Tourtillott did not adequately train their subordinates. In both causes of action, more than mere negligence is required. Count eight, unlike count five, adequately alleges the level of nonfeasance required to sustain a claim against a supervisory official. That the plaintiffs have not alleged specific evidence of Johnson's propensity for excessive force is not fatal under the liberal pleading requirements of Fed.R.Civ.P. 8(a). The motion to dismiss count eight as against defendants Knope and Tourtillott is denied.

IV. DEFENDANTS MENOMINEE COUNTY, MENOMINEE COUNTY SHERIFF'S DEPARTMENT, SHAWANO COUNTY, AND SHAWANO COUNTY SHERIFF'S DEPARTMENT

■ In addition to the named individual defendants already listed, the plaintiffs also have sued various municipal departments directly. Count six of the amended complaint, as already described, alleges the existence of a custom, practice, and policy in the Shawano and Menominee County Sheriff's Departments of using excessive and unreasonable force toward citizens. Count seven consists of an allegation that Shawano and Menominee Counties "maintained policies, practices and customs of police brutality, grossly inadequate training of law enforcement officers and grossly negligent supervision of peace officers which resulted in the deprivation of plaintiffs' constitutional rights."

As discussed earlier in part III of this decision, to state a claim for municipal liability based on an unlawful governmental custom or policy a complaint must fulfill the three pleading requirements described in *Rivera v. Farrell. See supra* p. 307. These requisite elements have been pleaded sufficiently in counts six and seven to state a claim against the municipal defendants as well as against Sheriffs Knope and Tourtillott. *See supra* p. 307. I hold, therefore, that the claims alleged against Shawano and Menominee Counties and their Sheriffs'

Departments shall not be dismissed. The Rule 12(b)(6) motions are denied.

## V. DEFENDANTS FRECHETTE, WESO, AND DAVIDSON

The final group of defendants named in the amended complaint includes tribal officials who allegedly failed to respond to numerous complaints lodged with their offices concerning excessive use of force by law enforcement officers. These defendants are: Barbara Frechette, Chairman of the Menominee Indian Reservation Tribal Law and Order Committee; Gerald Weso, presently the tribal prosecutor; and Glenn Davidson, former tribal prosecutor. Count nine further alleges that defendant Davidson, while tribal prosecutor, conspired with others to prevent complaints from coming to the attention of the Bureau of Indian Affairs.

These claims, like those filed against tribal defendants Snow, Herrera, Waukau, and Fish, are dismissed for failure to state a cause of action for reasons set forth in part I of this decision. The immunity from suit with which Congress has clothed the Indian tribes extends to each of the tribal defendants in their official capacities. As individual defendants, the amended complaint fails to allege a cognizable cause of action under either the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, or 42 U.S.C. Sec. 1985, prohibiting conspiracies to interfere with civil rights. See *supra* pp. 303–305.

## CONCLUSION

In short, the causes of action which remain, following disposition of the seventeen motions to dismiss filed herein, can be listed as follows: (1) Counts one, two, and three alleged against defendants Johnson and Delabrue; (2) Count four alleged against defendants Roth and Heinz; (3) Counts six and eight alleged against defendants Knope and Tourtillott; and (4) Counts six and seven alleged against defendants Shawano County, Menominee County, Shawano County Sheriff's Department, and Menominee County Sheriff's Department.

## ORDER

IT IS THEREFORE ORDERED that the motions to dismiss filed under Fed.R.Civ.P. 12(b)(6) by defendants Snow, Herrera, Waukau, Fish, Frechette, Weso, and Davidson are granted.

IT IS FURTHER ORDERED that the motion to dismiss filed under Rule 12(b)(6) by defendant Johnson is granted only in his capacity as Menominee Tribal Policeman and not in his capacities as an individual and as a Shawano County Deputy Sheriff.

IT IS FURTHER ORDERED that defendant Mauel is hereby dismissed from the case by stipulation of the parties.

IT IS FURTHER ORDERED that the motions to dismiss filed under Rule 12(b)(6) by defendants Roth and Heinz are denied.

IT IS FURTHER ORDERED that the motions to dismiss filed under Rule 12(b)(6) by defendants Knope and Tourtillott are granted as to count five but denied as to counts six and eight.

IT IS FURTHER ORDERED that the motions to dismiss filed under Rule 12(b)(6) by defendants Shawano County, Menominee County, Shawano County Sheriff's Department, and Menominee County Sheriff's Department are denied.