**Craig S. STRAUSS, Plaintiff,**

v.

**CITY OF CHICAGO, etc., et al., Defendants.**

**No. 83 C 6289.**

United States District Court, N.D. Illinois, E.D.

June 20, 1984.

Tom Leahy, Chicago, Ill., for plaintiff.

Robert W. Fioretti, James D. Montgomery, Acting Corp. Counsel, Chicago, Ill., for defendants.

**MEMORANDUM OPINION AND ORDER**

DECKER, District Judge.

Plaintiff, Craig S. Strauss (Strauss), brought this suit against the City of Chicago (the City) and an unnamed police officer (Officer Doe). Strauss alleges that defendants violated his rights under 42 U.S.C. § 1983, the first and fourteenth amendments to the United States Constitution, and the constitution and statutes of the State of Illinois. The case is before the court on the City's motion to dismiss for failure to state a federal claim. Strauss contests the motion only with respect to count I.[1]

I. *The Complaint*

Count I alleges that Officer Doe arrested Strauss without probable cause on March 14, 1983. Complaint ¶ 5. Strauss also claims that Officer Doe struck him in the face. Strauss alleges the following with respect to the City:

> a. Had a custom and practice of hiring persons such as Defendant JOHN DOE, whose prior history of brutality should

---

1. *See* Plaintiff's Mem. in Opposition to Motion to Dismiss at 6–7. Count II seeks punitive damages from the City, while Counts III and IV seek to impose vicarious liability on the City for Officer Doe's actions. Strauss may not recover punitive damages against the City. *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Counts II and IV are, at best, state law causes of action which could survive only as pendent to Count I. *See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

have rendered them unacceptable for hire.

b. Had a custom or practice of allowing Chicago Police Officers, such as Defendant JOHN DOE, to remain cloaked with legal authority and employed as Chicago Police Officers, even though their experience on the job showed them to be brutal in nature and frequent violators of civil rights of persons in custody.

c. Had a custom or practice of allowing those in custody to be silenced by causing them to be beaten and physically abused.

d. Had a custom and practice of conducting investigations against police officers, by which said officers would be exonerated of any fault as a result of the investigative procedures employed by the police department; and which would result in the continued employment and cloak of authority upon brutal officers such as Chicago Police Officer John Doe.

8. As a proximate result of one or more of the aforesaid, Plaintiff Craig S. Strauss suffered and will continue to suffer injuries of a personal and pecuniary nature.

*Id.* at ¶¶ 7–8.

## II. *Discussion*

In ruling on a motion to dismiss, the court must "take [the plaintiff's] allegations to be true, and view them, together with reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff." *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). Dismissal for failure to state a claim is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### A. *Constitutional Claims*

 Strauss may not sue the City directly under the U.S. Constitution. Congress intended § 1983 to be the exclusive federal remedy for the unconstitutional actions of city officials. *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Ward v. Caulk*, 650 F.2d 1144, 1147–1148 (9th Cir.1981); *Molina v. Richardson*, 578 F.2d 846, 850–854 (9th Cir.), *cert. denied*, 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978). The court dismisses count I insofar as it is based directly on the U.S. Constitution.

### B. *Section 1983*

To prevail on his claim against the City under § 1983, Strauss must prove that the arrest and beating that he allegedly suffered resulted from an official policy or custom or usage of the City. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978). "His complaint will withstand dismissal if the facts alleged, together with reasonable inferences to be drawn from them, could lead a reasonable factfinder to conclude that the actions of [Officer Doe] were the product of some policy or custom of [the City]." *Powe*, 664 F.2d at 650.

There is rampant disagreement in this District about the specificity required in pleading a § 1983 claim against a city, particularly whether a plaintiff can survive a motion to dismiss if he alleges only one unconstitutional act by city officials. *Compare, e.g., Means v. City of Chicago*, 535 F.Supp. 455, 457 (N.D.Ill.1982) (Marshall, J.), with *Hamrick v. Lewis*, 515 F.Supp. 983 (N.D.Ill.1981) (Aspen, J.). "The various approaches taken in these opinions evidence the court's efforts to draw a principled line between the admittedly generous standards of federal notice pleading and the principle that a pleading is insufficient if it merely alleges the conclusions of the pleader without any factual support." *Rivera v. Farrell*, 538 F.Supp. 291, 294 (N.D. Ill.1982) (Aspen, J.).

*Rivera* draws that line between cases which involve affirmative unconstitutional policies of cities and those which involve such acquiescence in unconstitutional behavior that passivity itself becomes a "custom or usage" for which a city can be held

liable under § 1983. For the first type of case, *Rivera* requires the plaintiff to allege "a single incident of unconstitutional conduct coupled with the supposedly unconstitutional affirmative policy that mandated such action...." 538 F.Supp. at 295 (footnote omitted). For custom or usage cases, *Rivera* requires a plaintiff to "plead the existence of such a pattern or practice by alleging, at least on information and belief, that he or others similarly situated were victimized on more than one occasion in the unconstitutional manner alleged in the complaint." *Id.* at 297.

This dichotomy finds its roots in *Monell.* In that case, the Court stated that municipalities could be sued where the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690, 98 S.Ct. at 2035. Municipalities are also liable, however, "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–691, 98 S.Ct. at 2035–2036. Section 1983 includes customs and usages because "[a]lthough not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.,* quoting *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 1613–1614, 26 L.Ed.2d 142 (1970). "Settled state practice ... can establish what is state law.... Deeply embedded traditional ways of carrying out state policy ... are often tougher and truer law than the dead words of the written text." *Monell,* 436 U.S. at 691 n. 56, 98 S.Ct. at 2036 n. 56 (quoting *Nashville, C. and St.L.R. Co. v. Browning,* 310 U.S. 362, 369, 60 S.Ct. 968, 972, 84 L.Ed. 1254 (1940) (Frankfurter, J.)).

■ Strauss' complaint cannot survive. He makes *factual* allegations only with respect to himself. *See* Complaint at ¶¶ 5–6. His allegations with respect to the City are conclusory: they claim, with no independent factual support, that the City had customs and practices which led to his injuries. *Id.* at ¶ 7. Strauss as easily could have alleged merely that the City is liable under § 1983. The court need not accept such allegations as true. *See Mescall v. Burrus,* 603 F.2d 1266, 1269 (7th Cir.1979) ("In giving the pleadings a liberal construction, however, we are not required to accept legal conclusions either alleged or inferred from the pleaded facts."). The court must dismiss this complaint because no reasonable factfinder could conclude from the *facts* alleged—that one individual suffered an unlawful arrest and beating—that the City had a custom or practice of such activity. *Powe,* 664 F.2d at 650. Without that custom or practice, the City cannot be liable under § 1983.

### III. *Conclusion*

For the reasons stated above, the court grants defendant's motion to dismiss, and this case is hereby dismissed.