JOHN NEWELL, Plaintiff-Appellant, *v.* THE CITY OF ELGIN *et al.*, Defendants-Appellees.

(No. 74-444; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Second District (2nd Division)—January 6, 1976.

Farrell & Edgerton, of West Chicago (Patricia L. Hatfield, of counsel), for appellant.

Clausen, Miller, Forman, Caffrey & Witous, of Chicago, Reid, Ochsenschlager, Murphy & Hupp, of Aurora, and Brady, McQueen, Martin & Callahan, of Elgin, for appellees.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This case arises out of an incident which occurred in the early hours of September 27, 1973. The amended complaint was in seven counts and named the following defendants: The City of Elgin (Elgin) and two of its police officers, Dant and Upland; The Village of Bartlett (Bartlett) and two of its police officers, Polly and Zintak; The Village of Hanover Park (Hanover Park) and two of its police officers, Martino and McCoy; and The Village of Streamwood (Streamwood) and two of its police officers, King and Rauscher.[1]

In brief the facts alleged are that at about 1:30 a.m. on that date, as plaintiff was riding on his motorcycle in an easterly direction on U.S. Route 20, near Bartlett, the two named Hanover Park police officers negligently and unlawfully drove their squad car in a westerly direction across the center line of the road into plaintiff's lane, forcing him to leave the highway and strike the curbing, resulting in injuries to plaintiff. Thereupon, "one or more" of the eight police officers ordered plaintiff to remove his boots, shirt and trousers; when plaintiff refused to go so far as to remove his trousers physical force was used to the extent that plaintiff consented to do so. Then, "one or more" of the officers "frisked" him and their acts exacerbated the earlier personal injury. After plaintiff got back into his clothes "one or more" of the police officers (of Hanover Park, Elgin and Bartlett) forced him to ride his motorcycle to the Elgin Police Station by threatening to "shoot Plaintiff off" his vehicle if he failed to do so; during that ride he was followed by one or more of the Elgin or Hanover Park Police Officers in squad cars. The complaint alleged that he was not arrested and that the warrantless search was made without his consent.

---

[1] Count I named as defendants Hanover Park and Officers Martino and McCoy; Counts 2 and 3 named all municipalities and all eight individual police officers; Count 4 named only all eight individual officers (not the municipalities); Counts 5 and 6 named Hanover Park, Elgin and Bartlett, together with their respective police officers-defendants; Count 7 named Elgin and Officers Dant and Upland.

Finally, in Count 7, plaintiff charges that Elgin "by its agents and employees, including" defendants Dant and Upland, caused plaintiff to be falsely and unlawfully imprisoned in Elgin's police station for about three and one-half hours without any charge being made against him. As a result, plaintiff alleged he was "exposed to public disgrace, injury and scandal."

Count 1 complained only of the acts of Hanover Park and its police officers, Martino and McCoy, in negligently driving their squad car onto plaintiff's lane forcing him off the road and causing personal injuries. Counts 2, 3, 5 and 6 were directed against all four municipalities and the eight police officers because of the acts of "one or more" of the eight defendant-police officers, and charged that the acts complained of were committed by them "as agents and employees" of the respective municipalities, or individually. Count 3 was based on the illegal search of plaintiff, not incident to a lawful arrest and in violation of plaintiff's constitutional rights under article I, section 6 of the Illinois Constitution (and under the Fourth and Fourteenth Amendments of the Constitution of the United States); for such violations plaintiff sought exemplary money damages. Count 4 was based on the violation by one or more of the eight individual defendants of plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States; no relief was asked in Count 4 against any of the municipalities. It should be noted that in his briefs and at oral argument plaintiff insists that the use of seven counts is not intended for recovery of multiple damages.

Hanover Park and its police officers, McCoy and Martino, filed a motion for a change of venue to the County of Cook. The other three municipalities (and their respective police officer-defendants) filed three separate motions to dismiss or strike plaintiff's amended complaint.

Elgin moved to strike or dismiss all but Count I of the amended complaint[2] for failure to state a cause of action based on (1) the absence of allegations of specific facts (as to the identities of the wrongdoers), (2) the failure to separate causes of action into separate counts, and (3) plaintiff's failure to allege that the individual defendants were acting within the scope of their authority. Bartlett's motion was based merely on the failure of Counts 2 through 6[3] "to plead a cause of action

---

[2] For purposes of this appeal we are disregarding the fact that Elgin's motion was directed expressly to Counts "2" through "6" because it is obvious from the record that it was intended to apply to all but Count 1 of the amended complaint.

[3] While Bartlett's motion was directed expressly to Counts 2 through 5 it was intended to apply to all but Counts 1 and 7 of the amended complaint.

against the Defendants." Streamwood's motion was directed only to Counts 2 and 3 and alleged their failure to state causes of action because plaintiff did not allege that the individual defendants were acting within the scope of their authority.

On October 22, 1974, after hearing oral argument, the trial court entered its order (1) denying Hanover Park's and its police officers' motion for a change of venue, and (2) dismissing the amended complaint and all its counts (including Count I to which no motion to strike or dismiss was filed). Hanover Park and its two police officer-defendants did not appeal from the denial of their petition and have not participated in this appeal.

■■ The broad issue here presented is whether the amended complaint stated, in any of its counts, a cause of action. The order of dismissal did not state any grounds. However, the statements of the trial judge in ruling on the motion indicated that the dismissal was based on his understanding of immunity of police officers. The trial judge said, in part, "* * * [T]his is a matter which should be cleared in the [Illinois] Supreme Court * * *. And I don't care how they rule. That is their prerogative to rule one way or the other the same as any other judge. * * * [T]he entire case should be dismissed and plaintiff granted leave to appeal and perfect this very question of law as to immunity of the police officers and law and order * * *."

The doctrine of absolute local governmental and governmental employee tort immunity was given a severe blow in 1959 by the Illinois Supreme Court in *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill.2d 11, which abolished tort immunity for school districts, and indicated the applicability of that holding to other local governmental units. Later Illinois decisions have consistently held local governmental units liable in tort on the same basis as private tort feasors, in the absence of a valid tort immunity statute imposing limitations on such liability. In 1965 the Local Governmental and Governmental Employees Tort Immunity Act was enacted (Ill. Rev. Stat. 1973, ch. 85, pars. 1—101 *et seq.*). It eliminated sovereign immunity except as therein specified. Under section 2—109 of that Act, "A local public entity is not liable for an injury resulting from an act * * * of its employee where the employee is not liable." Under section 2—202 a public employee is not liable for his act in the execution or enforcement of any law unless his act "constitutes willful and wanton negligence."

Here the plaintiff has alleged facts which amount to willful and wanton negligence of the police officers in (1) driving across the center line of the highway heading into the lane in which plaintiff was riding his vehicle, (2) using physical force to compel plaintiff to remove his

trousers during the course of a warrantless search and without lawful arrest, (3) compelling plaintiff with threats of shooting him off his motorcycle to drive to the Elgin Police Station followed by two squad cars and (4) falsely imprisoning plaintiff in the Elgin Police Station for about three and one-half hours without a charge lodged against him.

■■ In Count 1 the plaintiff alleged that Officers Martino and McCoy ("as agents and employees" of Hanover Park and in that municipality's westbound squad car) committed the tortious and unlawful act of driving their car across the center line into plaintiff's eastbound lane causing plaintiff to veer off the highway across a curbing with resulting personal injuries to plaintiff. That count clearly alleges sufficient facts to state a cause of action against the individual officers and thereby against Hanover Park. It is obvious from those allegations that the officers were acting "in the execution or enforcement" of law, and that they were acting as "agents and employees" of Hanover Park. If the officers were not acting "in the execution or enforcement" of law, it may well be that common law principles of tort liability would apply. See *Krieger v. Village of Carpentersville*, 8 Ill.App.3d 243.

Count 7 alleges that Elgin, "by its agents and employees," including Officers Dant and Upland, falsely and unlawfully imprisoned plaintiff for about three and one-half hours in the Elgin Police Station without any charge lodged against him. Like Count 1, Count 7 also contains sufficient averments of facts to state a cause of action against Elgin and Dant and Upland.

■■ Some of the defendants contend that the allegations that the tortious acts were committed by "one or more" of the defendants is not sufficiently explicit. Plaintiff argues that under the circumstances he did the best he could, and that it is sufficient to state a cause of action. He allegedly was confronted in the middle of the night with four squad cars and eight police officers (presumably without name identification tags), and the situation did not permit more accurate determination of their identities. He stated on oral argument that he procured the names of all defendants from the police report covering the incident. Plaintiff asserts that the averments are sufficient to permit defendants to plead admissions or denials or lack of knowledge. Moreover, after answers are filed, the facts and identities could be inquired into and established by the utilization of the discovery provisions of the Civil Practice Act and of the Supreme Court Rules. (Ill. Rev. Stat. 1973, ch. 110, par. 58 and ch. 110A, pars. 201 through 219.) We agree.

In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999, plaintiff filed suit for damages against Federal narcotics agents for plaintiff's humiliation and mental suffering

resulting from the agents' conduct in connection with an arrest and a visual strip search relating to alleged narcotics' violations of the plaintiff. Footnote 2 of that opinion states in substance that the agents were not named in the complaint and that the trial court ordered that the complaint be served upon "those Federal agents who it is indicated by the records of the United States Attorney participated in" plaintiff's arrest, and that five agents were ultimately served. 403 U.S. 388, 389, 29 L.Ed. 2d 619, 623.

*Bivens* is also especially relevant to a consideration of Counts 3 and 4 of the amended complaint, because like those counts, it was concerned with an alleged violation of plaintiff's rights under the Fourth Amendment to the Constitution of the United States, which provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *."

The District Court had dismissed the complaint for failure to state a cause of action and the United States Court of Appeals had affirmed. The Supreme Court held (403 U.S. 388, 389, 29 L.Ed.2d 619, 622) that "violation of that command [of the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." The court further held that "petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." (403 U.S. 388, 397, 29 L.Ed.2d 619, 627.) Interestingly, the Supreme Court cited in support of this holding the following statement from *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60, 69 (1803): "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." See also *J. I. Case Co. v. Borak*, 377 U.S. 426, 433, 12 L.Ed.2d 423, 84 S.Ct. 1555; *Texas & Pacific Ry. Co. v. Rigsby*, 241 U.S. 33, 60 L.Ed. 874, 36 S.Ct. 482; *Weeks v. United States*, 232 U.S. 383, 58 L.Ed. 652.

In *People v. Martin*, 382 Ill. 192, 202, the Illinois Supreme Court, after adopting a statement in *Weeks* on the force of the Fourth Amendment said: "It is our duty and the duty of all of the officers of the State to enforce these constitutional rights preserved to the people * * *." See also *Skelly Oil Co. v. Universal Oil Products Co.*, 338 Ill.App. 79.

As noted above, Count 3 of the amended complaint asks for exemplary money damages from the defendants. Section 2—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 2—102) provides that: "[A] local

public entity is not liable to pay punitive or exemplary damages." Thus, while the eight individual defendants may be subject to exemplary damages, the four municipalities named as defendants would not be; the limit of their potential liability would be actual damages.

We therefore hold that Counts 1, 2, 3, 4, and 7 sufficiently state causes of action. Our holding is in most respects equally applicable to the remaining counts which also state a cause of action and no purpose would be served by further discussion of those counts of the amended complaint.

The statements of the trial judge above referred to and other remarks made during the course of the hearing before him impel us to order that upon remand this case be reassigned to another judge for further proceedings.

For the reasons stated this case is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. MORAN and DIXON, JJ., concur.