Naomi D. THOMPSON, Plaintiff,

v.

VILLAGE OF EVERGREEN PARK, ILLINOIS et al., Defendants.

No. 80 C 2506.

United States District Court, N. D. Illinois, E. D.

Dec. 24, 1980.

Sandra M. Weil, Lieberman, Levy, Stone & Schlossberg, LTD., Chicago, Ill., for plaintiff.

Alfred C. Tisdahl, Jr., French & Rogers, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Defendant Village of Evergreen Park (the "Village") has moved to dismiss the First Amended Complaint filed by plaintiff Naomi D. Thompson charging an unconstitutional "strip search" by officers and agents of the Village and its Police Department. For the reasons stated in this memorandum opinion and order the Village's motion is denied.

This action exemplifies the growing tension between the notice pleading concepts of Fed.R.Civ.P. ("Rule") 8(a) and the courts' desire to shield municipalities from what may be groundless claims in light of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under the familiar teaching of *Conley v. Gibson*, 355 U.S. 41, 45–46, 47, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957):

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.... The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

It is of course easy to prepare allegations that track the *Monell* requirement of a governmental "policy" or "custom" (436 U.S. at 691, 98 S.Ct. at 2036) and thus step over the very low threshold of *Conley*. For that reason some courts have imposed a requirement of pleading specific acts by senior governmental officials establishing such policy or custom. See for example *Smith v. Ambrogio*, 456 F.Supp. 1130 (D.Conn.1978); *Schramm v. Krischell*, 84 F.R.D. 294 (D.Conn.1979).

Although it is strongly sympathetic to the problems of the governmental body confronted with claims predicated on nothing more than supposition, the Court finds it difficult to reconcile such judicial legislation with the mandates of Rule 8(a) and such cases as *Conley*. When a requirement of specific allegations is needed, the Rules know how to impose it—see Rule 9(b), requiring particularity as to circumstances constituting fraud or mistake, and Rule 9(g), requiring specific statement of items of special damages. There is a necessary negative implication from a failure to specify a comparable requirement for Section 1983 cases (42 U.S.C. § 1983)—and certainly the *Rules* do not so specify.

█ This Court has itself responded to the problem by requiring a somewhat elevated level of pleading in *Magayanes v. City of Chicago*, 496 F.Supp. 812, 813–14 (N.D.Ill.1980). But the Court finds that standard satisfied by the allegations of Paragraph 5 of the First Amended Complaint here:

> The Village of Evergreen Park, an Illinois municipal corporation, in its capacity as a governing, and rule-making body, implemented the policy of routine strip searches through the adoption of a formal policy or pursuant to governmental custom, which policy or custom was acted upon, executed and enforced by its various agencies and agents.

█ Defendants confronted with groundless suits by plaintiffs whose counsel simply read and parrot *Monell* are not without remedy. In appropriate cases 42 U.S.C. § 1988 provides for attorney's fees for prevailing defendants (though the test is a stringent one, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)), and the Court also has the inherent power under *Roadway Express, Inc. v. Piper*, —— U.S. ——, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980), and the cases it cites to deal with abuses if truly frivolous claims are presented.

Accordingly the Court will not dismiss Count II of the First Amended Complaint as to the Village. Count I, the pendent

claim of malicious prosecution, survives with Count II. This opinion does not of course express any view as to whether any future motion not limited to the pleadings may be sustainable.

There is one other issue that merits brief discussion: plaintiff's claim for punitive damages. As to Count I, controlled by Illinois law, it is clear that such damages are not recoverable. Ill.Rev.Stat. ch. 85, § 2–102; *Newell v. City of Elgin*, 34 Ill. App.3d 719, 340 N.E.2d 344 (2d Dist. 1976). Count II poses a more difficult problem, as to which neither party cites any appreciable authority. *Carey v. Piphus*, 435 U.S. 247, 257 n.11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252 (1978), specifically reserved decision of that question in Section 1983 cases, and our Court of Appeals' decisions in *Spence v. Staras*, 507 F.2d 554, 558 (7th Cir. 1974) and *Morales v. Haines*, 486 F.2d 880, 882 (7th Cir. 1973) upholding punitive damages antedated *Monell* (as did *Carey*). It is therefore not at all certain whether punitive damages would lie against a municipal defendant, and the Court will reserve judgment on that issue until the trial date approaches, by which time legal doctrine on the subject should have begun to take shape.

Defendant Village is ordered to answer the First Amended Complaint on or before January 9, 1981.