**Kenneth V. PAYNE, Jr., Plaintiff,**

v.

**CITY OF LaSALLE, et al., Defendants.**

**No. 85 C 4116.**

United States District Court,
N.D. Illinois, E.D.

May 15, 1985.

---

**5.** Defendants are hereby placed on notice that the court will not tolerate any failure to respond

to this order.

Edward F. Diedrich, DeKalb, Ill., for plaintiff.

Donald A. Gift and T. Donald Henson, LaSalle, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Kenneth Payne, Jr. ("Payne") has filed an all-too-familiar[1] type of 42 U.S.C. § 1983 ("Section 1983") Complaint, charging gratuitous brutality on the part of individual police officers and a general and continuing failure on the part of their municipal employer (here the City of LaSalle, "LaSalle," rather than the most frequently encountered City of Chicago) to have controlled such conduct. LaSalle has moved for its dismissal under Fed.R.Civ.P. ("Rule") 12(b)(6). For the reasons stated in this memorandum opinion and order, LaSalle is dismissed from the Complaint without prejudice.

Payne's kind of complaint has produced differing views among the members of this District Court, epitomized on the one hand by Judge Decker's dismissal of the complaint affirmed last month in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985) and on the other by Judge Marshall's opinion in *Means v. City of Chicago*, 535 F.Supp. 455 (N.D.Ill.1982), disapproved in *Strauss*, at 769–70. This Court has from the beginning[2] shared Judge Marshall's view that to require evidentiary *pleading* of the facts demonstrating a city's pattern of knowing acquiescence in police misconduct creates a Catch 22 situation. Assume a plaintiff has been subjected to a wanton beating by the police. Until the victim has obtained, through discovery, the official disciplinary file of the officer or officers involved, how is the victim able to allege in his or her complaint *evidentiary* facts (as contrasted with *ultimate* or *conclusory*

---

1. "All-too-familiar" is used in two senses: first to indicate this Court's distress at the general prevalence of like complaints (many of which ultimately prove ill-founded), and second to indicate its distress at the number of such complaints that unfortunately prove well-founded.

2. This Court's first published opinion in this area, *Magayanes v. City of Chicago*, 496 F.Supp. 812, 813–14 (N.D.Ill.1980) dismissed out the City because the allegation of a "single instance of individual officers' misconduct" was not coupled with allegations that overcame the *Monell*

bar against mere respondeat superior liability. But shortly thereafter *Thompson v. Village of Evergreen Park*, 503 F.Supp. 251 (N.D.Ill.1980) voiced concerns much like those expressed in this opinion, and all this Court's opinions since then have consistently approved the skeletal types of allegations contemplated by the notice-pleading mandate of the Rules. As *Thompson, id.* at 252 pointed out, that approach does *not* give plaintiffs a risk-free entree into the federal courts—the "floodgates" concern expressed by *Strauss*, at 770.

facts) to support a charge of knowing acquiescence against the employing city?[3]

■ And that is of course the easier case. Assume rather the plaintiff wants to prove inaction by the municipality in the face of pervasive police misconduct (say toward black arrestees), not just misconduct by the specific arresting officers. If proved, that could legitimately lead a jury to infer the city, by its tacit encouragement of brutality toward (say) blacks, had the necessary proximate causal nexus to support direct liability under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–94, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978).[4] But without the city as a named defendant in the first instance, discovery of such misconduct by officers other than the direct offender could not be obtained even given the low threshold of discoverability under Rule 26(b)(1).

Despite those considerations (acknowledged only in part by the Court of Appeals's opinion), *Strauss* has just upheld the Rule 12(b)(6) dismissal of a complaint much like the one filed by Payne here. Though *Strauss* purports to find support in the liberal pleading standard of *Conley v. Gibson,* 355 U.S. 41, 45–46, 47, 78 S.Ct. 99, 101–02, 102, 2 L.Ed.2d 80 (1957),[5] in fact it appears to create a real double standard— one in which a Section 1983 complaint must meet a more stringent fact-pleading requirement than any other. Whether or not that is so, or whether it is instead reflective of a more general current trend in our Court of Appeals,[6] it does violence to the mandate of Rule 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief").

Lest this be thought an unfair criticism, it is only necessary to read the forms of complaint included in the Appendix of Forms following the Rules, incorporated by reference in Rule 84:

> The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate.[7]

**3.** Indeed that dilemma could pose a double Catch 22 problem for the plaintiff (Catch 44?). After all Fed.R.Evid. 404(b) bars evidence of other acts or wrongs to show a defendant is a bad person—"to prove the character of a person in order to show that he acted in conformity therewith." Some other predicate for admissibility must exist: plan, motive, intent and so forth. Were the discovery standard to be applied with the same rigor as the pleading standard defined in *Strauss,* a plaintiff forced to limit his or her complaint to the individual brutal officer would never be able to find out that same officer had been brutal in the past (and brutal to the city's knowledge), thus permitting joinder of the city on a direct (not respondeat superior) liability basis. It is to be hoped most (though perhaps not all) of us who labor at the District Court level would spare a plaintiff that ultimate injustice by reading Rule 26(b)(1) with its intended breadth ("if the information sought appears reasonably calculated to lead to the discovery of admissible evidence") and therefore by permitting such discovery of the disciplinary files of the defendant officer or officers.

**4.** Remember *Monell* did not set any new and different standards of proximate cause. As in the conventional tort-law context, the test of liability is that the defendant must have been *a* proximate cause, not *the* proximate cause, of plaintiff's injuries. And the familiar defense of intervening or supervening cause involving another tortfeasor (in this case, the brutal officer) does not logically apply where that other tortfeasor's actions are of precisely the type the first tortfeasor (the employing municipality) has had reason to know would be encouraged by its own misconduct—its failure to supervise or discipline like conduct in the past. Familiar case law supports Section 1983 liability for governmental creation or encouragement of a climate of lawlessness. See *Lenard v. Argento,* 699 F.2d 874, 885–86 (7th Cir.1983).

**5.** Most recently *Hishon v. King & Spalding,* —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) has reconfirmed the viability of the *Conley* principles.

**6.** It does seem the Court has had a tendency recently to disavow the clear teaching of *Conley* altogether. See *Sutliff, Inc. v. Donovan Co.,* 727 F.2d 648, 654 (7th Cir.1984), cited with approval in *Strauss,* at 768.

**7.** Were a law student forced to copy one of those terse archetypical complaint forms 100 times on a blackboard, to reinforce his or her understanding of the real meaning of the Rule 8 criterion, the student could scarcely complain of cruel and unusual punishment.

It is plain indeed that pleading evidentiary facts as *Strauss* requires, rather than conclusory facts, is *not* the way the draftsmen of the Rules viewed the idea of notice pleading. Indeed, as this Court said in *Thompson*, 503 F.Supp. at 252, the Rules' draftsmen knew very well how to mandate "particularity" in pleading when they wanted to; see Rule 9(b), imposing just such a requirement as to "the circumstances constituting fraud or mistake." And no "particularity" is marked out by the Rules for Section 1983 actions generally or for *Monell* allegations specifically.

If this approach rather than that exemplified by *Strauss* creates more work for the district courts,[8] that is a lesser price to pay than the price of foreclosing injured plaintiffs municipal defendants, the presence of the stricter standard under amended Rule 11[9] offers a shield against abuse by plaintiffs or their lawyers who file or pursue obviously groundless claims—or who pursue claims that may have appeared tenable at the outset, once their factual groundlessness becomes obvious.[10]

 For all this, however, this Court is duty bound to obey *Strauss*. Although Payne provides detailed allegations of the claimed use of unjustified force and violence by the defendant officers, his allegations against LaSalle (Complaint Count I ¶ 1 and all of Counts III and IV) are of the summary form condemned in *Strauss*. Accordingly this Court dismisses Counts III and IV and dismisses LaSalle from this action as a defendant—all however without prejudice to Payne's possible ability to surmount the *Strauss* hurdle in the future.

---

8. *Strauss*, at 770 expresses its concern that "the doors of the federal courtroom would swing open" under "Judge Marshall's approach" in *Means*. But in the vast majority of such cases those doors are already open, for the suit against the individual officers is in court and not subject to dismissal. That means the case burden of the district courts is not really assisted by the *Strauss* approach (even assuming calendar management concerns can justify foreclosing a possible constitutional claim).

---

9. See this Court's opinion in *In re Ronco*, 105 F.R.D. 493 (N.D.Ill.1985) and cases cited there; see generally Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 189, 191.

10. That was the caveat this Court issued in *Thompson*, 503 F.Supp. at 252, pointing to 42 U.S.C. § 1988 and to district courts' inherent power to deal with frivolous claims. That opinion was written before Rule 11 was tightened up in 1983, making it much easier to sanction clear abuses in this area.