George W. KONASZEWSKI, Plaintiff,

v.

William BARNETT, et al., Defendants.

No. 90 C 490.

United States District Court,
N.D. Illinois, E.D.

Aug. 22, 1990.

James J. Gavin, Westchester, Ill., for plaintiff.

James E. Gierach, Gierach Schussler & Walsh, Ltd., Oak Lawn, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is a police brutality action against the Village of Worth, Illinois ("the Village"), and four individual police officers employed by the Village. Count I of the complaint asserts liability pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Count II asserts liability pursuant to various Illinois common law theories. The individual defendants have answered the complaint. The Village has moved to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6). Plaintiff has agreed to withdraw his § 1981 claim. Pending, therefore, is the Village's motion to dismiss the remaining claims.

The issue presented by the pending motion is whether plaintiff has successfully alleged that he suffered an injury caused by a "policy" of the Village. *See Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985); *McLin v. City of Chicago,* 742 F.Supp. 994 (N.D.Ill.1990) (Rovner, J.). The underlying facts alleged in the complaint need not be discussed in detail in order to dispose of the motion. Plaintiff alleges that the individual police officers mistreated him on January 29, 1989. The allegations concerning a policy are as follows:

13. The actions of Defendants William Barnett, Patrolman Smith, Patrolman Knolmayer, and Sergeant Hudson, resulted from, and were pursuant to, a de facto policy of the Village of Worth which is implemented by police officers of the village, to summarily punish persons who refuse to obey police orders, whether lawful or not, by means of unlawful arrest, detention, excessive use of

force, and denial of necessary medical attention.

14. Despite their knowledge of the aforementioned illegal policy and practices, the supervisory and policy-making officers and officials of the Village of Worth and its police department, as a matter of policy, have not taken steps to terminate the said practices, have not disciplined or otherwise properly supervised the individual officers who engaged in said practices, have not effectively trained police officers with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and practices described above through their deliberate indifference to the effect of said policy and practices upon the constitutional rights of residents and visitors to the Village of Worth.

The complaint thus alleges two distinct policies. The first is a policy of summary punishment of individuals who refuse to obey police orders, and the second is a failure to properly train and discipline police officers.

■ In order to state a claim against a municipality based on a "policy" allegation, plaintiff must set forth specific facts supporting the allegation:

> To allow otherwise would be tantamount to allowing suit to be filed on a *respondeat superior* basis. Plaintiffs could file claims whenever a police officer abused them, add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the "claims" made.

*Strauss,* 760 F.2d at 768. In *McLin,* this Court recently had occasion to examine the amount of detail which is required in pleading such facts. The Court found that the very specific allegations made by the plaintiffs concerning the existence of policies of failure to discipline and maintenance of a code of silence sufficed to state a claim for relief. The present case, in contrast, is completely lacking in such detail. The allegations consist solely of the type of boilerplate policy allegations rejected in *Strauss;* a review of the allegations in *Strauss,* 760 F.2d at 766, reveals them to be very similar in breadth and vagueness to those in the present case. Accordingly, the Court agrees with the Village that Count I must be dismissed with respect to the Village.[1]

■ This does not, however, dispose of the entire case against the Village. The Village has not presented any argument as to the sufficiency of Count II. The Village does take issue with the allegation of Paragraph 9 of the complaint that plaintiff did not use any unnecessary force or resistance. Paragraph 9 is part of Count I and is incorporated as well, by reference, in Count II. The Village argues that this allegation is precluded by collateral estoppel because plaintiff stipulated in the underlying state court criminal action to the facts in a complaint for resisting arrest. However, the Village does not assert that this stipulation presents a basis for dismissing Count II of the complaint. The collateral estoppel issue may arise with respect to what issues of fact remain disputed for purposes of trial or a summary judgment motion, but the Village has not even purported to present an argument that Count II as a whole should be dismissed with respect to the Village.

For the foregoing reasons, the motion of the Village to dismiss Count I of the complaint is granted without prejudice.

---

1. Of course, if discovery reveals additional facts supporting a policy allegation, plaintiff is free to request leave to amend Count I so as to bring the Village back in. *See East v. City of Chicago,* 719 F.Supp. 683, 692 n. 12 (N.D.Ill.1989); *Payne v. City of LaSalle,* 610 F.Supp. 606, 609 (N.D.Ill. 1985). The Court is not disposed to hear such a motion, however, before the close of discovery in this case.