**Roy Edward FORD, Plaintiff,**

v.

**CITY OF ROCKFORD; Police and Fire Commissioners Dennis Johnson, Charles Perteete and James Latino; Chief of Police William Fitzpatrick; Steven Pugh and Alan Johnson, Individually and as Policemen.**

**No. 88 C 20323.**

United States District Court,
N.D. Illinois, W.D.

Nov. 8, 1990.

Anthony Fabiano, Rockford, Ill., for plaintiff.

Daniel J. McGrail, City of Rockford, Dept. of Law, Rockford, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is Defendants' motion to dismiss. For the reasons described herein, the court grants Defendants' motion. Further, the court grants Plaintiff leave to amend his complaint within twenty-one days of the filing of this Order.

## BACKGROUND

On October 3, 1988, Plaintiff, Roy Edward Ford, brought suit in this court against various Defendants under 42 U.S.C. §§ 1981, 1983. Plaintiff alleges that Defendants Steven Pugh and Alan Johnson, police officers, stopped him while he was driving his motor vehicle in Rockford, Illinois, and then arrested him. Plaintiff alleges that Defendants deprived him of his constitutional right, under the fourteenth amendment, to equal protection of the laws. Plaintiff asserts that Defendants effected this deprivation by arresting and charging him, without probable cause, of obstructing justice, failure to produce a valid driver's license, and aggravated battery.

On November 1, 1989, and May 17, 1990, Plaintiff filed amended complaints. On June 25, 1990, Defendants filed a motion, now before this court, to dismiss Plaintiff's second amended complaint.

## DISCUSSION

Plaintiff's second amended complaint sets forth no allegations regarding Defendants Dennis Johnson, Charles Perteete, James Latino, and William Fitzpatrick. Therefore, the court orders that the following Defendants are dismissed from this cause: Police and Fire Commissioners Dennis Johnson, Charles Perteete, and James Latino; and Chief of Police William Fitzpatrick.

Defendants also seek to dismiss Plaintiff's second amended complaint on the grounds that Plaintiff has not sufficiently pleaded that Defendants acted pursuant to custom or policy of the city. The portion of Plaintiff's complaint that Defendants attack reads, "At all times material to this action, defendants STEVEN PUGH and ALAN JOHNSON acted pursuant to the custom or policy of the CITY OF ROCKFORD." Plaintiff's second amended complaint, at 1. Defendants argue that this allegation is insufficient because it "is void of any factual allegations establishing an unconstitutional custom or practice." Defendants' memorandum in support of Defendants' motion to dismiss, at 3. Plaintiff responds that his custom or policy allegation is sufficient under the liberal rules of notice pleading applicable in federal court.

The court grants the defendants' motion to dismiss with the following comments. Although the court grants the defendants' motion, it does so very reluctantly and only because it is duty bound by the Seventh Circuit's opinion in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985). Were it not for that opinion, the court would have no hesitancy in denying the defendants' motions, because it agrees with the comments of Judge Shadur in *Payne v. City of LaSalle*, 610 F.Supp. 606 (N.D.Ill.1985), and Judge Marshall's opinion in *Means v. City of Chicago*, 535 F.Supp. 455 (N.D.Ill. 1982).

As Judge Shadur points out (correctly, I believe):

> This Court has from the beginning shared Judge Marshall's view that to require evidentiary *pleading* of the facts demonstrating a city's pattern of knowing acquiescence in police misconduct creates a Catch 22 situation. Assume a plaintiff has been subjected to a wanton beating by the police. Until the victim has obtained, through discovery, the official disciplinary file of the officer or officers involved, how is the victim able to allege in his or her complaint *evidentiary* facts (as contrasted with *ultimate* or *conclusory* facts) to support a charge of knowing acquiescence against the employing city? (footnotes omitted).

*Payne*, 610 F.Supp. at 607–08. This court cannot improve upon Judge Shadur's critique of *Strauss*. Suffice it to say that this court wholeheartedly agrees with his decision in *Payne*. Nevertheless, as in *Payne*, this court is duty-bound to follow *Strauss*. Accordingly, the court dismisses the plaintiff's complaint. Plaintiff is granted twenty-one days to file an amended complaint to attempt to comply with the dictates of *Strauss*. Defendants are granted fourteen days from the date that Plaintiff files an amended complaint to answer or otherwise plead.

## CONCLUSION

For the reasons described above, the court grants Defendants' motion to dismiss. The following Defendants are dismissed from this cause: Police and Fire Commissioners Dennis Johnson, Charles Perteete, and James Latino; and Chief of Police William Fitzpatrick. Further, the court grants Plaintiff leave to amend his complaint within twenty-one days in accordance with this opinion.