Albertson's v. UFW 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-393-CV




ALBERTSON'S, INC.,



 APPELLANT


vs.





RACHEL ORTIZ AND JOHN DOWNES,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 489,043, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 



 Albertson's, Inc. appeals an adverse judgment rendered on a jury verdict awarding
damages to Rachel Ortiz and John Downes ("appellees"). The principal issue presented is whether
the Texas Constitution's bill of rights is self-executing in creating a cause of action for damages
for a private entity's infringement of an individual's free-speech rights. Concluding that the
constitution creates no such tort action, we will reverse the judgment of the trial court and render
judgment that appellees take nothing.



BACKGROUND


 Since 1984 the United Farm Workers of America (1) ("UFW") has unsuccessfully
attempted to persuade California grape growers to enter into collective-bargaining agreements that
would eliminate the use of pesticides and other chemicals that present health risks to workers and consumers. To bring pressure to bear on the growers, the UFW has sought a
national boycott of California grapes. As part of these efforts, volunteer supporters of the UFW
routinely distribute leaflets to customers of various grocery stores, informing them of the boycott
and soliciting their support. One such effort brought volunteers Ortiz, Downes, and Charles
Race, along with Barbara Ritter, a UFW staff member, to an Albertson's store in southeast Austin
on August 11, 1989.

 The UFW supporters stationed themselves on the sidewalk and parking-lot
thoroughfare in front of the store's main entrance in order to approach customers, distribute
leaflets, and solicit signatures on a petition. The store manager informed the UFW supporters of
appellant's no-solicitation policy, asked them to leave, and said he would have to call the police
if they refused. Appellees and the others insisted that they were only peacefully exercising their
constitutional right of free speech. The manager gave a second warning, which was also ignored;
the police were called. After the police arrived, the manager again urged the UFW supporters
to leave, and they again refused. Ortiz, Downes, Ritter, and Race were then arrested, taken to
the police station, briefly jailed, and later released.

 Albertson's pressed criminal-trespass charges against the four UFW supporters,
who were tried and acquitted. These four, plus the UFW, then sued Albertson's seeking
declaratory and injunctive relief as well as damages for abuse of process, malicious prosecution,
and the denial of individual rights protected under the Texas Constitution. After trial, the jury
returned a verdict against all the plaintiffs on their abuse of process and malicious prosecution
claim and found that Albertson's had not interfered with UFW and Ritter's constitutional freedoms
but had unreasonably interfered with the freedom of speech of Ortiz and Downes. (2) The trial court
rendered judgment on the verdict awarding $750 each to Ortiz and Downes and denied all other
relief. Albertson's appeals, attacking the award of damages to appellees by six points of error.




DISCUSSION


Federal Preemption

 Before reaching the dispositive question presented, we must address appellant's
jurisdictional argument under its first point of error--that the trial court erred in entertaining
appellees' suit because their claim is preempted by the National Labor Relations Act, 29 U.S.C.
§§ 151-160 (1988) ("the Act"), and is within the exclusive jurisdiction of the National Labor
Relations Board ("the Board"). In passing the Act, Congress intended to bring uniformity to the
regulation of labor disputes, centralizing administration of federal labor law in the Board. State
law that potentially conflicts with national labor policy is preempted. San Diego Bldg. Trades
Council v. Garmon, 359 U.S. 236, 245 (1959). However, the Act excludes agricultural laborers
from its coverage. 29 U.S.C. § 152(3) (1988). As a union composed of agricultural workers,
the UFW is not covered by the Act. United Farm Workers v. Superior Court, 483 P.2d 1215,
1221-22 (Cal. 1971); Johnson Bros. Wholesale Liquor Co. v. United Farm Workers Nat'l Union,
241 N.W.2d 292, 296 n.1 (Minn. 1976).

 Albertson's argues that plaintiffs' claims all present an unfair-labor-practice action
in disguise and, because Ortiz and Downes are not themselves agricultural workers, the claims
presented are governed by the Act. We disagree. Although Ortiz and Downes are active
supporters rather than members of the UFW, their efforts on behalf of the union do not destroy
the UFW's exemption from the Act. See DiGiorgio Fruit Corp. v. National Labor Relations Bd.,
191 F.2d 642, 648 (D.C. Cir.), cert. denied, 342 U.S. 869 (1951) (involvement of two
nonagricultural-worker members of national parent labor union did not destroy agricultural status
of farm union). Concluding that the Act did not preempt the claims asserted below, we overrule
the first point of error.



Constitutional Action for Damages

 We next consider appellant's third point of error--that no cause of action exists in
Texas to support the award of damages against Albertson's for infringement of appellees' rights
of free expression under article I, section 8 of the Texas Constitution. This section provides in
pertinent part: "Every person shall be at liberty to speak, write or publish his opinions on any
subject, being responsible for the abuse of that privilege . . . ." Tex. Const. art. I, § 8. We
acknowledge that our state constitution has independent vitality and affords rights of expression
beyond those found in the federal constitution. (3) Davenport v. Garcia, 834 S.W.2d 4, 10-11 (Tex.
1992). However, in order to affirm the trial court's judgment, we must infer directly from the
constitution a cause of action to compensate appellees for appellant's infringement of their right
of free speech; Texas has no statutory remedy similar to 42 U.S.C. § 1983 (1988), which creates
a cause of action for interference with a party's federal civil rights. (4) Appellees ask this Court to
infer a comparable compensatory remedy for violations of state constitutional rights and to
eliminate any necessity that the infringement be perpetrated "under color of state law," as section
1983 requires. (5) Appellees rely on the contrast between the affirmative language of article I,
section 8 and the First Amendment's restriction on governmental interference with speech to
support their position that the Texas Constitution provides broader guarantees of free speech.

 Various commentators and case law from other jurisdictions support appellees'
suggestion that the individual freedoms secured by our strong bill of rights can be adequately
enforced only by recognizing a compensatory cause of action for any infringement of those
freedoms. (6) But appellees have cited no instance in which another Texas court has expressly
inferred a constitutional cause of action for damages to redress a private entity's violation of an
individual's freedom of expression.

 To support its argument that a plaintiff can bring an action for damages directly
under article I, section 8, appellees rely on Jones v. Memorial Hospital System, 746 S.W.2d 891
(Tex. App.--Houston [1st Dist.] 1988, no writ) (Jones II). See also Jones v. Memorial Hosp. Sys.,
677 S.W.2d 221 (Tex. App.--Houston [1st Dist.] 1984, no writ) (Jones I). In Jones I & II, the
plaintiff, Jones, alleged that the hospital had infringed her free-speech rights under the Texas
Constitution by terminating her employment. Jones claimed that the hospital fired her in
retaliation for writing a newspaper article on the conflict between the duty of hospital staff to
prolong life and patients' right to die with dignity. The trial court granted summary judgment for
the hospital on the ground that Jones could not base her suit directly on the Texas Constitution. 
Although the Texas First Court of Appeals ultimately held that article I, section 8 constituted an
independent legal basis for a cause of action claiming infringement of free-speech rights by a
public entity, Jones II, 746 S.W.2d at 893-94, in neither case had Jones sought to recover
damages based on that constitutional action. On the contrary, in Jones I, the court explained that
Jones pleaded for declaratory judgment, by which she sought reinstatement to her former position. 
677 S.W.2d at 225-26. Although Jones did, following remand, amend her petition to include a
common-law action for retaliatory discharge, the Jones II opinion lacks any indication that Jones
sought damages based on her constitutional claim under article I, section 8. Consequently, we
decline appellees' invitation to read Jones II as authority for the proposition that article I, section
8 provides a cause of action for damages against a private entity, when that question was never
before the court. (7) We likewise decline to recognize a compensatory cause of action to redress a
wholly private entity's infringement of free-speech rights guaranteed by the state constitution.

 To encourage this Court to recognize a constitutional action for damages in the
absence of a statutory remedy, appellees also cite Bivens v. Six Unknown Named Agents, 403 U.S.
388, 395-97 (1971), for the proposition that the infringement of a constitutional right itself gives
rise to a compensatory action. We acknowledge the admonition given in Bivens that the judiciary
has a particular responsibility to vindicate constitutional interests, even without explicit legislative
authorization. Id. at 407 (Harlan, J., concurring). But we cannot overlook the crucial distinction
between Bivens and the present cause of action: Bivens' constitutional right to be free from
unreasonable searches was violated by government officials. In recognizing a cause of action for
damages, the Court emphasized that the type of harm which governmental officials can inflict is
more pernicious than the harm private citizens may inflict on each other: "An agent acting--albeit
unconstitutionally--in the name of the United States possesses a far greater capacity for harm than
an individual trespasser exercising no authority other than his own." Id. at 392. Furthermore,
the Bivens Court recognized that a cause of action for damages might not be appropriate for every
violation of a constitutional right; in each case, the court must ask if compensatory relief is
necessary or appropriate to vindicate the particular constitutional interest asserted. In Bivens the
Court noted that damages may be the only possible remedy for a victim of an illegal search and
arrest when no criminal prosecution is pending: "It will be a rare case indeed in which an
individual in Bivens' position will be able to obviate the harm by securing injunctive relief from
any court." Id. at 410 (Harlan, J., concurring). By contrast, injunctive relief is the surest cure
for the denial of an expressive right such as that asserted here.

 Finally, we note that even those commentators favoring judicial solutions to
vindicate constitutional interests recognize that statutory remedies are preferable for a variety of
reasons: (1) a statutory scheme can define the elements of, as well as the defenses and immunities
to, the cause of action that would take years of appellate decision-making to refine; (2) a remedial
statute can define potential defendants to include or exclude private persons, as well as those
acting under color of state law; and (3) the legislative process elicits greater input from parties
likely to be affected and requires education, debate, and consensus about the scope of the
obligations created. See Friesen, 63 Tex. L. Rev. at 1284.

 Despite this state's strong guarantees of freedom of expression, we decline
appellees' invitation to infer from the Texas Constitution an action for damages to redress a
private person's violation of another's freedom of speech. Finding no cause of action that would
support the damages awarded by the trial court, we sustain appellant's third point of error.



CONCLUSION


 Having determined that no cause of action exists that would support an award of
damages for infringement of appellees' constitutional right of free speech under article I, section
8 of the Texas Constitution, we need not consider appellant's other points of error. We reverse
the judgment of the trial court awarding appellees damages and render judgment that appellees
take nothing.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Rendered

Filed: June 30, 1993

[Publish]
1. [1] The United Farm Workers of America, AFL-CIO, is the collective bargaining
representative of a number of farm workers in California.
2. [2] Race took a nonsuit before trial; Ritter and the UFW are not parties to this appeal.
3. [3] We note that plaintiffs' causes of action were brought to enforce only their state
constitutional rights; the pleadings expressly excluded any claims based on their federal rights.
4. [4] Section 1983 provides:


 Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction
thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress.


42 U.S.C. § 1983 (1988).
5. [5] Appellees do not contend that appellant's actions giving rise to the suit below in any way
constituted state action. Rather, as appellees expressly averred in their post-submission brief,
"[T]he only question on this appeal is the extent to which Sections 8 and 27 [of the Texas
Constitution] reach expansive public-access private property." (Emphasis added.) We take
this statement as a concession that Albertson's is a wholly private entity, albeit one operating a
facility open to the public. We note, further, that despite appellees' characterization of the
issue presented, Tex. Const. art. I, § 27 formed no part of the trial-court judgment, and the
matter of its reach is not before us on appeal.
6. [6] See generally Jennifer Friesen, Recovering Damages for State Bill of Rights Claims, 63
Tex. L. Rev. 1269 (1985); see also John H. Bauman, Remedies Provisions in the State
Constitutions and the Proper Role of the State Courts, 26 Wake Forest L. Rev. 237 (1991);
William J. Brennan, Jr., The Bill of Rights and the States: The Revival of State Constitutions
as Guardians of Individual Rights, 61 N.Y.U. L. Rev. 535 (1986); G. Alan Tarr,
Constitutional Theory and State Constitutional Interpretation, 22 Rutgers L.J. 841 (1991);
Developments in the Law--The Interpretation of State Constitutional Rights, 95 Harv. L. Rev.
1324 (1982).


 The following holdings from other jurisdictions recognize damages remedies for
individual rights guaranteed by state constitutions: Gay Law Students Ass'n v. Pacific Tel. &
Tel. Co., 595 P.2d 592 (Cal. 1979) (recognizing cause of action for damages based on state
equal-protection clause); Shreiner v. McKenzie Tank Lines & Risk Management Servs., Inc.,
408 So. 2d 711, 714 (Fla. App. 1982), aff'd, 432 So. 2d 567 (Fla. 1983) (holding that state
constitutional provision prohibiting deprivation of rights on basis of race, religion, or physical
handicap is self-executing); Newell v. City of Elgin, 340 N.E.2d 344 (Ill. App. Ct. 1976)
(recognizing cause of action for damages against police officers for violation of state
constitutional rights); Widgeon v. Eastern Shore Hosp. Ctr., 340 N.E.2d 344 (Md. 1984)
(acknowledging common-law action for damages to remedy violations of civil rights); Phillips
v. Youth Dev. Program, Inc., 459 N.E.2d 453, 457 (Mass. 1983) (recognizing that judicial
relief may exist for violations of state constitutional rights); Smith v. Department of Pub.
Health, 410 N.W.2d 749 (Mich. 1987), aff'd on other grounds sub nom. Will v. Michigan
Dep't of State Police, 491 U.S. 58 (recognizing possible Bivens damage remedy for violation
of individual right protected by state constitution); Lloyd v. Borough of Stone Harbor, 432
A.2d 572, 580 (N.J. Super. Ct. Ch. Div. 1981) (affirming damages award under New Jersey
Tort Claims Act for violations of state constitutional rights); Hunter v. Port Auth., 419 A.2d
631 (Pa. Super. Ct. 1980) (finding cause of action under state constitution for denial of public
employment).
7. [7] Since the issuance of Jones II, in a case that did not present the question whether a
plaintiff may recover damages for the infringement of free-speech rights, this Court has
refused to recognize a constitutional action for infringement under Tex. Const. art. I, § 8 in
the complete absence of state action. See Weaver v. Aids Servs. of Austin, Inc., 835 S.W.2d
798, 802 (Tex. App.--Austin 1992, writ denied).